THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LYNN L. SEDREL, Defendant-Appellant.

Third District   No. 3—88—0536

Opinion filed April 5, 1989.—Rehearing denied July 12, 1989.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:

The defendant was convicted of unlawful possession with intent to deliver a controlled substance. She appeals the denial of her motion to quash a search warrant and suppress evidence seized from the execution of said warrant, and her resulting conviction and sentence.

On October 27, 1987, the defendant, Lynn Sedrel, leased an apartment from Mr. James Haggerty on a month-to-month basis. She paid one month's rent and security deposit to Mr. James Haggerty (hereinafter Haggerty) on October 27, 1987. The lease permitted Haggerty to enter defendant's apartment at reasonable times to repair or inspect the premises. Defendant's lease contained a provision for a late charge to be assessed when rent was paid more than five days late. Throughout the existence of defendant's lease, Haggerty went to her apartment on several occasions, but found no one home on each occasion.

As of November 30, 1987, the Monday following Thanksgiving, Haggerty did not receive defendant's rent check for the next month. Haggerty received no notification from defendant the she intended to move and terminate her lease, nor did he give notice to defendant regarding the late payment of her rent or any other matter. After finding that no one answered at defendant's apartment, Haggerty asked two other tenants to accompany him into her apartment to determine if she still resided therein. Upon entering, Haggerty observed a scale resembling the type used to measure drugs. One of the other tenants noticed plastic bags containing a white soapy substance located within an open safe in a closet of defendant's apartment. Haggerty was not

familiar with the appearance of cocaine, so he notified the police based only on his suspicion.

Haggerty related what he observed to the police when they arrived at the apartment. The police did not have a search warrant and indicated they believed they had insufficient information at that point to obtain one. Haggerty consented to their entry into and search of defendant's apartment. They removed a portion of the white substance, field-tested it, and determined it to be cocaine. Then they secured her apartment and obtained a search warrant.

The trial court found that Haggerty had a valid reason to enter defendant's apartment, entered after the termination of her lease, was not acting as an agent for the police, and therefore denied her motion to quash and suppress.

At trial, the same evidence was introduced regarding the events leading up to the search. In addition, defendant in her testimony claimed only to be a bookkeeper for Steven Spears, who was in charge of the cocaine operation and had possession of all the keys to the apartment. She stated she had no knowledge regarding the source of the cocaine or who Spears' customers were.

The State's expert analyzed approximately two ounces of cocaine. She weighed numerous other bags containing a white substance, which totalled about 26 ounces.

The trial court found defendant guilty, denied her post-trial motion, and sentenced defendant to a 7½-year term of imprisonment. The court also fined defendant $33,800, the street value of the cocaine in the analyzed and unanalyzed bags.

The defendant claims the search of her apartment was unlawful because it was based upon invalid consent of her landlord. We agree.

■■ Both the United States and Illinois Constitutions protect individuals from unlawful searches and seizures. (U.S. Const., amend. IV; Ill. Const. 1970, art. I, §6.) The physical entry into one's home by the police is the chief evil against which the fourth amendment is directed. (*Payton v. New York* (1980), 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371.) Warrantless searches of residences are *per se* unreasonable unless justified by a specific exception to the warrantless search rule. (*Payton*, 445 U.S. at 586, 63 L. Ed. 2d at 651, 100 S. Ct. at 1380.) The only possible exception that could exist in this matter is that *Haggerty consented* to the search; however, searches must usually be consented to by the person affected. *Davis v. United States* (1946), 328 U.S. 582, 90 L. Ed. 1453, 66 S. Ct. 1256.

■■ ■ Generally, a landlord cannot, during the pendency of a lease, validly consent to a search of the leased premises. (*Chapman v.*

*United States* (1961), 365 U.S. 610, 5 L. Ed. 2d 828, 81 S. Ct. 776.) Haggerty could not effectively consent to the search by the police of defendant's apartment. Haggerty's right to occupancy was not equivalent or greater than defendant's. The fact that he had authority under the lease to periodically enter her apartment only to inspect or repair the premises at reasonable times did not permit him to disregard the defendant's fourth amendment rights by consenting to the initial search of defendant's apartment, thereby subjecting her to an unreasonable search and seizure.

The initial search by the police pursuant to Haggerty's invalid consent violated defendant's fourth amendment rights. Without the initial intrusion by the police following Haggerty's consent, the police would not have had any knowledge whether the white substance was cocaine. If they could have obtained a search warrant prior to entering defendant's apartment, the case might have been closer. The police, however, admitted they did not have a sufficient basis from Haggerty's statement to obtain a search warrant until they field-tested the substance and determined it was cocaine.

■ The trial judge found the lease expired or was terminated on November 30, 1987. We disagree. The defendant's rent was only three days overdue, the five-day grace period did not even commence, and late charges could not have been assessed until two days subsequent thereto. That is insufficient time to lead one to believe the premises had been abandoned. Due to the holiday season, it is possible the defendant overlooked her rent obligation or was out of the vicinity. The landlord could not have considered defendant's lease terminated and sued to recover possession until after providing written notice demanding payment to defendant. Ill. Rev. Stat. 1987, ch. 110, par. 9—209.

A similar result was reached in Oregon. The Oregon Appeals Court in *State v. Taggert* (1971), 7 Or. App. 479, 491 P.2d 1187, held the landlord could not consent to a search of a tenant's apartment even when the rental payment was over 30 days overdue. The proper inquiry justifying a search was whether the defendant had a reasonable expectation of privacy in a leased premises.

■ The search and seizure of defendant's apartment was unreasonable. The landlord could not effectively have consented to the search of defendant's apartment, and there were no other applicable exceptions to the warrantless search rule. The trial judge's denial of defendant's motion to suppress was contrary to the weight of authority and was erroneous.

■ The defendant contends the fine assessed was excessive. We

agree. The trial court imposed a fine based upon the weight of all the substance confiscated from her possession. The police seized a total of approximately 26 ounces of a white substance believed to be cocaine; however, they only positively identified two ounces of cocaine. In order to impose a fine commensurate to the value of the cocaine seized, it is imperative that the substance seized be conclusively established as cocaine. See *People v. Games* (1981), 94 Ill. App. 3d 130, 418 N.E.2d 520.

Based on the foregoing, the circuit court of Peoria County is reversed as to defendant's conviction and this matter is remanded for a new trial and further proceedings consistent with this decision.

Reversed and remanded.

STOUDER and SCOTT, JJ., concur.