THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES L. NIXON, Defendant-Appellant.

Third District    No. 3—94—0762

Opinion filed March 18, 1996.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Jay Paul Hoffman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

Following a jury trial, the defendant, Charles Nixon, was convicted of possession with intent to deliver more than 1 but less than 15 grams of a substance containing cocaine, a Class 1 felony (720 ILCS 570/401(c)(2) (West 1994)). The defendant was sentenced to a term of four years' imprisonment and was ordered to pay a $600 street value fine and a $2,000 drug assessment fee.

On appeal, the defendant argues that: (1) the evidence was insufficient to prove possession with intent to deliver; (2) the $600 street

value fine should be reduced; (3) the $2,000 drug assessment fee should be vacated; and (4) he should be given a $355 credit against his fine for 71 days of pretrial custody.

After carefully reviewing the record, we find the evidence was not sufficient to prove beyond a reasonable doubt that the defendant possessed a controlled substance with intent to deliver. Accordingly, we reverse the defendant's conviction and reduce it to the lesser included offense of unlawful possession of less than 15 grams of a substance containing cocaine, a Class 4 felony (720 ILCS 570/402(c) (West 1994)). As a consequence, we remand the case to the circuit court of Rock Island County for a new sentencing hearing. On remand, the street value fine of $600 may be reimposed. Additionally, the mandatory drug assessment fee must be reduced to $500, and the defendant must be given a credit of $355 against his fine.

## FACTS

On May 19, 1994, a search warrant was executed at a residence in East Moline. All of the individuals found in the residence were taken to the police station. Officer Thomas Reagan transported the defendant and Kenyan Helm in the back seat of his squad car. Reagan testified that he found nothing in the vehicle when he examined the back seat prior to transporting the defendant and Helm. Helm was the target of the search and was also named in the search warrant. He was strip-searched prior to being placed in Reagan's vehicle. After the defendant and Helm exited the vehicle, Officer Reagan again searched the vehicle and found a clear plastic baggy containing a white powdery substance. Reagan found the baggy stuck up behind the back seat where the defendant had been sitting.

Officer Victor Moreno testified that the baggy weighed 6.6 grams. The white powdery substance was packaged in four separate packets. A forensic scientist stated that she tested one of the packets. She said it weighed 2.2 grams and contained cocaine. Several witnesses testified that the street value of a gram of cocaine was between $100 to $125. Moreno said the street value of 6.6 grams of cocaine was in excess of $600.

Officer Moreno testified he had been assigned to the narcotics task force for less than one year. He stated that a normal amount of cocaine for personal use was two or three grams. The officer said that possession of more than that amount generally indicated the person was selling drugs.

Officer Jeffrey Boyd testified he had worked in narcotics and contraband intervention for about two years. Boyd said the normal amount of cocaine for personal or recreational use was 1.7 to 2.4 grams or less.

Officer Mark Hanna testified he had been assigned to the narcotics task force for almost two years. Hanna said that possession of less than two grams of cocaine indicated personal use.

Based on this testimony, the jury found the defendant guilty of possession of a controlled substance with intent to deliver. Following sentencing, the defendant filed a timely notice of appeal.

## SUFFICIENCY OF THE EVIDENCE

The defendant contends that the evidence was not sufficient to prove possession of a controlled substance with intent to deliver. The defendant claims the State only proved possession of 2.2 grams of a substance containing cocaine. Moreover, the defendant argues that possession of a relatively small amount of cocaine, without any additional evidence of drug dealing, is insufficient to prove possession with intent to deliver. We agree.

■ The recent decision of the Illinois Supreme Court in *People v. Robinson*, 167 Ill. 2d 397, 657 N.E.2d 1020 (1995), is instructive on the issue before this court. In *Robinson*, the defendant was found to have possessed 36 bags of a white rocky substance weighing a total of 2.8 grams and 4 tinfoil packets containing PCP weighing a total of 2.2 grams. A chemist tested 15 of the bags containing the white rocky substance and found that they contained cocaine. The defendant contended that only the amounts actually tested should be considered in determining intent to deliver. Our supreme court disagreed with that contention.

The court noted that, generally, a chemist is qualified to render an opinion as to the entire amount seized *even* if only random samples were tested. *Robinson*, 167 Ill. 2d at 409, 657 N.E.2d at 1027. However, where a defendant can be charged with the lesser included offense of possession of a smaller amount of a substance, the weight of the drug is an essential element of the crime and must be proved beyond a reasonable doubt. *Robinson*, 167 Ill. 2d at 409, 657 N.E.2d at 1027. In that situation, a sample from each bag or container must be tested to prove that it contains a controlled substance. *Robinson*, 167 Ill. 2d at 409, 657 N.E.2d at 1027.

The court in *Robinson* noted that the defendant was convicted of possession with intent to deliver more than 1 but less than 15 grams of cocaine. Because the chemist tested more than one gram, the court concluded that the "lesser included offense" exception to the general rule did not apply. *Robinson*, 167 Ill. 2d at 409, 657 N.E.2d at 1027. The court said that the quantity of the controlled substance possessed in excess of the statutory minimum for the offense is *not* an element of the crime "but is only one of many factors to be taken into

account in considering the element of intent to deliver." *Robinson*, 167 Ill. 2d at 410, 657 N.E.2d at 1027. Accordingly, the court determined "the existence of the 21 untested packets that were found in the same bag as the 15 packets that tested positive for cocaine, and were similar in size and appearance, could be viewed as probative of intent to deliver and were properly admitted into evidence." *Robinson*, 167 Ill. 2d at 410, 657 N.E.2d at 1027.

Based on *Robinson*, we conclude that the "lesser included offense" exception does not apply in this case. As a result, the evidence that the baggy contained four packets of white powder weighing a total of 6.6 grams could properly be considered by the trier of fact in determining the issue of intent to deliver. Therefore, we must determine on review whether evidence the defendant possessed 6.6 grams of cocaine, packaged in four individual bags, was sufficient for the jury to find the defendant guilty of possession with intent to deliver.

We note that when the sufficiency of the evidence is questioned in a criminal case, a reviewing court must examine the evidence in the light most favorable to the prosecution in order to determine whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277 (1985). Based on the *Collins* standard, we find the evidence in this case was not sufficient to find the defendant guilty beyond a reasonable doubt of possession of cocaine with intent to deliver.

■ In controlled substance prosecutions, many different factors have been considered as probative of intent to deliver. *Robinson*, 167 Ill. 2d at 408, 657 N.E.2d at 1026. The factors considered by courts in Illinois include: (1) whether the quantity of the controlled substance possessed is too large to be viewed as being for personal consumption; (2) the high purity of the drug confiscated; (3) possession of weapons; (4) possession of large amounts of cash; (5) possession of police scanners, beepers or cellular telephones; (6) possession of drug paraphernalia; and (7) the manner in which the substance is packaged. *Robinson*, 167 Ill. 2d at 408, 657 N.E.2d at 1026-27.

The court in *Robinson* concluded that the question of whether the evidence is sufficient to prove intent to deliver must be determined on a case-by-case basis. *Robinson*, 167 Ill. 2d at 412-13, 657 N.E.2d at 1029. The court then found that there was sufficient evidence showing intent to deliver based on additional evidence of drug dealing which was presented at trial. The additional evidence presented on the issue of intent to deliver included: (1) the way the drugs were packaged; (2) the fact that the packages contained two different types

of drugs; (3) anonymous tips that drugs were being sold at the defendant's apartment building; and (4) a police officer's observations of a dozen people going in and out of the building during a 20-minute period beginning at 12:20 a.m. *Robinson*, 167 Ill. 2d at 413-14, 657 N.E.2d at 1029.

■ Prior to the court's decision in *Robinson*, case law held that the possession of a relatively small amount of drugs could not establish intent to deliver beyond a reasonable doubt without additional, positive evidence showing intent to deliver. *People v. Thomas*, 261 Ill. App. 3d 366, 370, 633 N.E.2d 839, 842 (1994) (5.5 grams of cocaine); *People v. Delgado*, 256 Ill. App. 3d 119, 122-23, 628 N.E.2d 727, 730-31 (1993) (5.6 grams of heroin and 3.0 grams of cocaine); *People v. Hodge*, 250 Ill. App. 3d 736, 746-47, 620 N.E.2d 651, 659-60 (1993) (4.07 grams of crack cocaine); *People v. Crenshaw*, 202 Ill. App. 3d 432, 436-37, 449 N.E.2d 1051, 1053-54 (1990) (11.2 grams of cocaine). In reaching its conclusion, the court in *Robinson* specifically relied on the existence of evidence *other* than the mere possession of a small amount of cocaine and PCP. Therefore, we conclude that *Robinson* has not eliminated the requirement that additional evidence of drug dealing must be presented to support a finding of intent to deliver when only a small quantity of drugs is found in the defendant's possession.

■ Here, the State's evidence showed *nothing more than the mere possession of a relatively small amount of cocaine, 6.6 grams. No other supporting evidence of drug dealing focusing on the issue of intent to deliver was presented at trial*, such as: (1) the cocaine was of high purity; (2) possession of a weapon; (3) possession of a large amount of cash; (4) possession of a police scanner, beeper, cellular telephone; or (5) possession of any drug paraphernalia whatsoever. Also, there was no evidence presented concerning any anonymous tips regarding the sale of drugs or any observations about numerous individuals entering the defendant's residence at unusual times of the night or day. Finally, in this case, the manner of packaging does not support an inference of intent to deliver cocaine. We find a major distinction here between the 4 packets the police found in this case and the 40 packets containing two different types of drugs found in *Robinson*. We find the evidence to be consistent with personal consumption and not intent to deliver. See *Robinson*, 167 Ill. 2d at 416-17, 657 N.E.2d at 1030-31 (Heiple, J., dissenting).

We are aware that three police officers testified before the jury that the amount of cocaine they found was more than an individual would generally possess for personal use. However, we find the officers' testimony concerning the small amount of cocaine is insufficient to support a conclusion in this case that the defendant possessed

cocaine with the intent to deliver *when no other evidence of intent to deliver or additional corroborating testimony about drug dealing was presented to the jury other than the defendant's mere possession of a small quantity of drugs.* See *Hodge,* 250 Ill. App. 3d at 747, 620 N.E.2d at 660 (evidence insufficient to show intent to deliver even though the State presented evidence that 4.07 grams of crack cocaine were enough to provide a user with four to five weeks of drugs).

However, we do find sufficient evidence to support a conviction of the lesser included offense of unlawful possession of a controlled substance. Accordingly, we reduce the defendant's conviction, pursuant to Supreme Court Rule 615(b)(3) (134 Ill. 2d R. 615(b)(3)), to unlawful possession of less than 15 grams of a substance containing cocaine (720 ILCS 570/402(c) (West 1994)). Consequently, we vacate the defendant's sentence and remand the cause to the circuit court for a new sentencing hearing.

## STREET VALUE FINE

■ The defendant was ordered to pay a street value fine of $600 under section 5—9—1.1 of the Unified Code of Corrections (730 ILCS 5/5—9—1.1 (West 1994)). The defendant claims the street value fine, based on 6.6 grams of cocaine, must be reduced because the State only proved that 2.2 grams of the white powdery substance actually contained cocaine. The defendant relies on *People v. Sedrel,* 184 Ill. App. 3d 1078, 540 N.E.2d 792 (1989). In *Sedrel,* we stated that "[i]n order to impose a fine commensurate to the value of the cocaine seized, it is imperative that the substance seized be conclusively established as cocaine." *Sedrel,* 184 Ill. App. 3d at 1082, 540 N.E.2d at 794. However, proof of the value of the controlled substance seized is not an essential element of the crime. Accordingly, the "lesser included offense" exception discussed in *Robinson* does not apply.

Based upon our supreme court's decision in *Robinson,* we now conclude that a sample from each bag or packet need not be tested in order to prove the amount of the controlled substance for purposes of a street value fine. Here, the evidence shows that the defendant was in possession of 6.6 grams of a substance containing cocaine and the street value of the cocaine was in excess of $600. Accordingly, we find the evidence clearly supports the street value fine of $600. *Cf. People v. Otero,* 263 Ill. App. 3d 282, 287, 635 N.E.2d 1073, 1076 (1994); *People v. Tyson,* 221 Ill. App. 3d 256, 258-59, 581 N.E.2d 694, 696 (1991).

## REMAINING ISSUES

■ The defendant conceded at oral argument that the drug assessment fee is mandatory in this case. However, because we have

reduced the defendant's conviction to a lesser included offense, the drug assessment fee must be reduced to $500. See 720 ILCS 570/411.2(a)(4) (West 1994).

■ Finally, the defendant claims that he must receive a $355 credit against his fine based on 71 days of pretrial custody. The State contends the defendant waived this issue by not raising it before the trial court. However, we recently held in *People v. Scott*, 277 Ill. App. 3d 565 (1996), that the waiver rule would not be applied to deny a defendant his clear, statutory right to the $5-per-day credit. As a result, the defendant is entitled to the $5-per-day credit even though he failed to raise the issue in the trial court.

## CONCLUSION

For the reasons previously indicated, the defendant's conviction is reversed and reduced to the lesser included offense of unlawful possession of a controlled substance. The case is remanded to the circuit court of Rock Island County for a new sentencing hearing. On remand, the circuit court is instructed as follows: (1) the street value fine of $600 may be reimposed; (2) the mandatory drug assessment fee must be reduced to $500; and (3) the defendant must be given a credit of $355 against his fine as a result of 71 days of pretrial custody.

Reversed and remanded with instructions.

HOLDRIDGE, P.J., and SLATER, J., concur.