THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES LITTLE, Defendant-Appellant.

First District (3rd Division)   No. 1—99—3776

Opinion filed May 16, 2001.

608

Michael J. Pelletier and Linda Olthoff, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Carol L. Gaines, and Owen D. Kalt, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CERDA delivered the opinion of the court:

Defendant, James Little, was charged in a two-count indictment with possession of a controlled substance (cocaine) with intent to deliver (720 ILCS 570/401(c)(2) (West 1998)), and possession of a controlled substance (cocaine) with intent to deliver while within 1,000 feet of property comprising a public park (720 ILCS 570/401(c)(2), 407(b)(1) (West 1998)). Following a bench trial in May 1999, defendant was acquitted of the latter charge but found guilty of possession with intent to deliver. Finding that defendant qualified for an enhanced sentence under section 5—5—3(c)(8) of the Unified Code of Corrections (Corrections Code) (730 ILCS 5/5—5—3(c)(8) (West 1998)) based on the existence of prior convictions, the court sentenced defendant to a term of seven years' imprisonment. Defendant appeals, arguing (1)

his trial counsel was ineffective for failing to pursue a pretrial motion to quash his arrest and suppress evidence; (2) the State's evidence is insufficient to sustain the conviction for possession with intent to deliver; and (3) the mandatory sentencing scheme set forth in section 5—5—3(c)(8) of the Corrections Code is invalid pursuant to the recent United States Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Because we agree with defendant's ineffective assistance claim, we reverse and remand for further proceedings.

■ The benchmark inquiry in addressing a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 80 L. Ed. 2d 674, 692-93, 104 S. Ct. 2052, 2064 (1984). A defendant claiming ineffective assistance of counsel must typically show that (1) counsel made errors so serious, and his performance was so deficient, that he was not functioning as the "counsel" guaranteed by the sixth amendment of the federal constitution, and (2) these deficiencies so prejudiced the defendant as to deprive him of a fair trial. *Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064.

Under the first prong of the *Strickland* inquiry, the defendant must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064. Here, deference is paid to counsel's challenged action and the court, without engaging in hindsight, must presume that counsel's performance fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689, 80 L. Ed. 2d at 694, 104 S. Ct. at 2065. Indeed, it is incumbent upon the defendant to overcome the strong presumption that the challenged action of counsel was the product of sound trial strategy and not the result of incompetence. *People v. Harris*, 129 Ill. 2d 123, 156, 544 N.E.2d 357, 371 (1989).

In addition to establishing that counsel's conduct fell below an objective standard of reasonableness, the defendant must show he was prejudiced by counsel's deficient performance. *Strickland*, 466 U.S. at 688, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064. Proof of prejudice requires an affirmative showing of a "reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.

■ In the present case, defendant maintains his attorney's failure to pursue a motion to quash arrest and suppress the cocaine recovered

by the officers amounted to ineffective assistance of counsel. The law is well settled that the decision whether to file a motion to quash arrest and suppress evidence does not represent *per se* incompetence. *People v. Rodriguez*, 312 Ill. App. 3d 920, 925, 728 N.E.2d 695, 702 (2000); *People v. Robinson*, 299 Ill. App. 3d 426, 433, 701 N.E. 2d 231, 238 (1998). The decision is traditionally viewed as one of trial strategy, and counsel benefits from a strong presumption that his failure to challenge the validity of the accused's arrest or to seek the exclusion of certain evidence was proper. *Rodriguez*, 312 Ill. App. 3d at 925, 728 N.E.2d at 702; *Robinson*, 299 Ill. App. 3d at 433, 701 N.E.2d at 238. To overcome these presumptions and prevail on a claim of ineffectiveness based on counsel's failure to file a motion to quash and suppress, the defendant must show, first, a reasonable probability that the motion would have been granted and, second, that the outcome of the trial would have been different if the motion had been granted. *Rodriguez*, 312 Ill. App. 3d at 925, 728 N.E.2d at 702; *Robinson*, 299 Ill. App. 3d at 435, 701 N.E.2d at 238.

The evidentiary record establishes that at about 12:45 a.m. on April 15, 1999, Stanley Snarskis, then a police officer with the Chicago police department, and his partner, John Chibe, were conducting narcotics surveillance in the area of 742 South California Avenue in Chicago. At that time, Snarskis noticed defendant standing approximately 60 feet away, near the street. Snarskis stated he observed, on separate occasions, two unidentified persons approach defendant and give defendant money. Each time, defendant accepted the money, placed it in one of his pants pockets, and retrieved an "object" from another pocket. Defendant gave the "object" to the unidentified person from whom he received the money and the person then walked away. Based on his vast experience conducting narcotic surveillance, Snarskis suspected that defendant had been involved in two narcotic transactions. Notably, Snarskis neither identified nor described the "object" that was handed by defendant to either of the unknown persons.

Following his observation of the second incident, Snarskis radioed Chibe, who was nearby in a police vehicle. Chibe picked up Snarskis and they approached defendant. Snarskis detained defendant while Chibe searched defendant's pockets and recovered six separate small bags containing 1.5 grams of cocaine. Defendant was ultimately arrested and transported to the police station.

As defendant asserts, the record clearly reveals that defendant's warrantless arrest preceeded the officers' search of his person. The fourth amendment of our federal constitution protects individuals from unreasonable searches and seizures. U.S. Const. amend. IV. A

search incident to an arrest is one intrusion that has been deemed reasonable under the fourth amendment. *People v. Kolichman*, 218 Ill. App. 3d 132, 139, 578 N.E.2d 569, 574 (1991), citing *Chimel v. California*, 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034 (1969). While "[i]t is axiomatic that an incident search may not precede an arrest and serve as part of its justification" (*Sibron v. New York*, 392 U.S. 40, 63, 20 L. Ed. 2d 917, 934-35, 88 S. Ct. 1889, 1902 (1968)), the law is well settled that a search may be conducted immediately prior to arrest and need not take place subsequent thereto as long as probable cause for the arrest exists at the time of the search. *Rawlings v. Kentucky*, 448 U.S. 98, 111 & n.6, 65 L. Ed. 2d 633, 645-46 & n.6, 100 S. Ct. 2556, 2564 & n.6 (1980); *People v. Boyd*, 298 Ill. App. 3d 1118, 1125, 700 N.E.2d 444, 449 (1998); *Kolichman*, 218 Ill. App. 3d at 139-40, 578 N.E.2d at 574-75; *People v. Rossi*, 102 Ill. App. 3d 1069, 1073, 430 N.E.2d 233, 236 (1981); see also *People v. Tyler*, 210 Ill. App. 3d 833, 839-40, 569 N.E.2d 240, 245 (1991) ("[t]here are instances where probable cause exists for arrest, and where a search and arrest are practically simultaneous, it may be immaterial that the search preceded the arrest").

■ Probable cause exists where the facts and circumstances known to the officers at the time of the arrest are sufficient to warrant a person of reasonable prudence and caution to believe that an offense has been committed and that the offense was committed by the person arrested. *People v. Sims*, 192 Ill. 2d 592, 614, 736 N.E.2d 1048, 1060 (2000); *People v. Hardaway*, 307 Ill. App. 3d 592, 603, 718 N.E.2d 682, 691 (1999). This inquiry rests primarily on the facts and information known to the arresting officers at the time the search and arrest are made. *People v. O'Neal*, 176 Ill. App. 3d 823, 827-28, 531 N.E.2d 867, 870 (1988). While probable cause does not require the degree of proof necessary to support a conviction and, in fact, need not even have to rise to a probability that the suspected individual has committed a crime, more than a mere suspicion or hunch of criminal activity is required. *Sims*, 192 Ill. 2d at 614-15, 736 N.E.2d at 1060; *People v. Kidd*, 175 Ill. 2d 1, 22, 675 N.E.2d 910, 921 (1996); see also *People v. Elliot*, 314 Ill. App. 3d 187, 191, 732 N.E.2d 30, 35 (2000) (noting that a mere hunch does not provide probable cause to search a suspect for illicit drugs).

Whether sufficient probable cause exists is a case-specific analysis and must be determined by an examination of the totality of circumstances. *Sims*, 192 Ill. 2d at 615, 736 N.E.2d at 1060; *People v. Brannon*, 308 Ill. App. 3d 501, 505, 720 N.E.2d 348, 351-52 (1999). Commonsense, practical considerations, and not technical legal principals, govern this determination. *Hardaway*, 307 Ill. App. 3d at 603, 718 N.E.2d at 691.

■ Upon review of the facts contained in the record, we conclude a motion to quash and suppress would have had a reasonable probability of success at trial. We are mindful of the limited nature of our inquiry on appeal and we do not pass on the question of whether such a motion would have been granted if presented by defendant's counsel. We simply hold that such a motion would have enjoyed a reasonable probability of success. Resolution of whether the arresting officers in this case were apprised of sufficient facts and information, in light of the circumstances surrounding defendant's activities, as to justify their search and arrest of defendant is a question for the trial court.

We further find that defendant was prejudiced by defense counsel's decision. While the State notes that counsel vigorously tested both the credibility of the prosecution's witnesses and the strength of the evidence presented at trial, a strong question exists whether defendant's prosecution would have gone forth had defendant's counsel filed a pretrial motion to quash and suppress. A motion to quash and suppress would have been defense counsel's strongest, and most likely wisest, course of action. The fact counsel had other defense options available to him does not excuse counsel's failure not to file a pretrial suppression motion. Defendant undoubtedly would have not suffered any harm if defense counsel elected to do so. We do not discern any basis in the record to support the State's contention that counsel's decision was the product of sound trial strategy.

The State seemingly concedes that the arresting officers lacked probable cause to search and arrest defendant in this case. Indeed, the State's response brief never addresses this issue. Rather, the State maintains that defendant's ineffective assistance claim should not be considered in the instant appeal. The State argues that consideration of defendant's contention is inappropriate because the evidentiary record most likely does not contain a complete recital of the facts relevant to a probable cause analysis. According to the State, the arresting officers "may have had probable cause based on facts which are not part of the record." The State asserts the more appropriate place for defendant's claim is a postconviction proceeding conducted before the circuit court.

Defendant's claim is rightfully before this court and, contrary to the State's assertions, is not better suited for consideration in a collateral proceeding. The trial court's concern in any postconviction proceeding instituted on defendant's behalf would involve the same issue confronted by us here, namely, whether defendant's trial attorney was ineffective for not pursuing a motion to quash and suppress evidence. Any evidentiary hearing on such a postconviction petition would be aimed at determining the reasonableness of counsel's decision in

electing not to pursue a pretrial suppression motion and not, as intimated by the State, conducted for purposes of determining whether the arresting officers acted with sufficient probable cause. Thus, the factual record regarding the information known and relied upon by the arresting officers would be no more developed in a postconviction proceeding than it is here. Additionally, to conclude that defendant should wait to raise his ineffective assistance claim in a collateral proceeding would unfairly subject defendant to the risk of having his contention waived or barred by *res judicata.*

Based on the above, we reverse and remand for further proceedings consistent with this opinion. see also *People v. Moore,* 307 Ill. App. 3d 107, 114, 716 N.E.2d 851, 856-57 (1999); See *People v. Steels,* 277 Ill. App. 3d 123, 129, 660 N.E.2d 24, 29 (1995); *People v. Stewart,* 217 Ill. App. 3d 373, 376, 577 N.E.2d 175, 177 (1991). To quell any double jeopardy concerns, we will now address defendant's attack on the sufficiency of the evidence.

When considering a challenge to the sufficiency of the evidence, we are concerned with whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *People v. Gilliam,* 172 Ill. 2d 484, 515, 670 N.E.2d 606, 620 (1996). A judgment of conviction will be overturned on appeal only when the evidence is so unreasonable, improbable, or unsatisfactory as to raise a reasonable doubt of the defendant's guilt. *Gilliam,* 172 Ill. 2d at 515, 670 N.E.2d at 620.

To establish the offense of possession of cocaine with intent to deliver, the State's evidence must show beyond a reasonable doubt that (1) the defendant had knowledge of the presence of the cocaine, (2) the cocaine was in the immediate possession or control of the defendant, and (3) the defendant intended to deliver the cocaine. *People v. Robinson,* 167 Ill. 2d 397, 407, 657 N.E.2d 1020, 1026 (1995); *People v. Jones,* 295 Ill. App. 3d 444, 452, 692 N.E.2d 762, 769 (1998). Defendant does not challenge the State's proofs on either of the first two elements. Defendant solely challenges the State's showing on the third element, arguing the evidence is adequate to raise any reasonable inference that he intended to deliver the cocaine recovered by the arresting officers.

Intent of delivery is rarely subject to direct proof. Consequently, such intent must usually be proven circumstantially. *Robinson,* 167 Ill. 2d at 408, 657 N.E.2d at 1026. This issue, therefore, necessarily involves an examination of the nature and quantity of circumstantial evidence needed to support an inference of intent to deliver. *Robinson,* 167 Ill. 2d at 408, 657 N.E.2d at 1026. Factors relevant in this inquiry

include (1) whether the quantity of cocaine possessed is too large to be reasonably viewed as being for personal consumption, (2) the degree of the cocaine's purity, (3) the possession of any weapons, (4) possession and amount of cash, (5) possession of police scanners, beepers or cellular telephones, (6) possession of drug paraphernalia commonly associated with narcotic transactions, and (7) the manner in which the cocaine is packaged. *Robinson*, 167 Ill. 2d at 408, 657 N.E.2d at 1026; *People v. Rivera*, 293 Ill. App. 3d 574, 576, 688 N.E.2d 752, 754 (1997); *People v. Beverly*, 278 Ill. App. 3d 794, 797, 663 N.E.2d 1061, 1065 (1996). Whether an inference of intent is sufficiently raised is a determination that must be made on a case-by-case basis after a careful review of the circumstances surrounding the defendant's arrest. *Robinson*, 167 Ill. 2d at 412-13, 657 N.E.2d at 1029; *People v. Dockery*, 248 Ill. App. 3d 59, 69, 618 N.E.2d 348, 356 (1993).

Defendant maintains that none of the relevant factors used to ascertain intent to deliver is established by the State's evidence. In particular, defendant stresses: a very small amount of cocaine was recovered from his person (1.5 grams), thereby indicating that the cocaine was designed for his personal use; the packaging of the cocaine is insignificant because the cocaine could have been purchased in that arrangement; only a single $10 bill was found in his possession; no evidence was introduced indicating the purity of the cocaine; and no drug paraphernalia associated with narcotic sales, cellular phones, beepers, police scanners, or weapons were recovered.

As indicated by defendant, a great majority of the factors indicative of intent are not present. Most glaring is the fact that only 1.5 grams of cocaine were recovered from defendant's person. As explained by our supreme court in *Robinson*, the quantity of the controlled substance alone may be sufficient in certain cases to prove an intent to deliver beyond a reasonable doubt provided the amount of the substance could not be reasonably viewed as designed for personal consumption. 167 Ill. 2d at 410-11, 657 N.E.2d at 1028. However, where the amount of the substance is relatively small, as in the instant case, greater circumstantial evidence is required to establish the necessary intent—"[a]s the quantity of the controlled substance in the defendant's possession decreases, the need for additional circumstantial evidence of intent to deliver to support a conviction increases." *Robinson*, 167 Ill. 2d at 413, 657 N.E.2d at 1029.

Defendant's possession of 1.5 grams of cocaine can reasonably be viewed as being for personal consumption. See *Robinson*, 167 Ill. 2d at 413, 657 N.E.2d at 1029 (holding that 2.2 grams of PCP and 2.8 grams of cocaine, by themselves, were indicative of personal use). Yet, the amount of drugs recovered, no matter how insignificant, is not dispos-

itive of intent but, rather, is one consideration to be examined in light of the circumstances in the case. *Robinson*, 167 Ill. 2d at 410, 657 N.E.2d at 1027; *People v. Bradford*, 239 Ill. App. 3d 796, 799 (1993). Though many of the factors traditionally considered in ascertaining intent are not present here, we find that defendant's intent to deliver the cocaine packets recovered from his person is sufficiently demonstrated by the evidence.

■ The evidence establishes that at about 12:45 a.m. on the morning in question, defendant was, without doing more, simply standing near California Avenue when, on two separate occasions, persons approached and gave defendant money. In return, defendant gave the person some type of object that defendant had retrieved from a pant pocket. The unidentified persons then left the area without any further interaction with defendant. Immediately after the second exchange, Snarskis and his partner recovered six individual bags of cocaine from the pockets of defendant's clothing from which the objects exchanged were retrieved. Though no weapons, large denominations of cash, police scanners, beepers, cellular phones or drug paraphernalia was found on defendant, the manner in which the cocaine was packaged and the location of where the cocaine was found on defendant's person, when coupled with the specific observations made by Officer Snarskis, who had witnessed numerous drug transactions in the past, sufficiently raise a reasonable inference that defendant intended to deliver the recovered narcotics.

Relying on this court's recent decision in *People v. Jackson*, 318 Ill. App. 3d 321, 741 N.E.2d 1026 (2000), defendant argues that for his requisite intent to be established, the State was required to prove that the unidentified objects passed by him during the two exchanges were indeed cocaine. In *Jackson*, the defendant was observed receiving money from an unknown individual and directing that individual to a third person, who was standing nearby holding a brown bag. When the unknown individual approached, the third person reached in the bag and transferred an unidentified object to the individual, who then left the area. The defendant and the third person were arrested and a subsequent search of the bag revealed several packets of cocaine and heroin. No other objects were recovered from the bag. A further search of the defendant uncovered no contraband but $150 in cash. Since he was not found to have been in either actual or constructive possession of the recovered narcotics, the defendant was tried and convicted of possession with intent to deliver under an accountability theory of liability.

The *Jackson* court reversed the defendant's conviction upon finding the evidence insufficient to show beyond a reasonable doubt that

the defendant had the intent to deliver the seized contraband. Central to the court's finding was the want of evidence identifying the nature of the object passed by the third party and, specifically, that that object was either heroin or cocaine. While the court acknowledged that the third person was seen passing an object that was retrieved from the bag and that the remaining contents of that bag were shown to be narcotics, the court found "those facts alone are insufficient to establish that the object transferred to the unknown person was contraband." *Jackson*, 318 Ill. App. 3d at 324, 741 N.E.2d at 1028-29. According to the court, it was "theoretically possible that there was something innocuous in the bag which [the third party] handed to the unknown person, notwithstanding that the remaining packets in the paper bag contained cocaine and heroin." *Jackson*, 318 Ill. App. 3d at 324, 741 N.E.2d at 1029. In support of its holding, the court relied on the supreme court's decision in *People v. Jones*, 174 Ill. 2d 427, 675 N.E.2d 99 (1996), in which the court held that it was improper for the trier of fact to presume that five packets containing a white substance were cocaine where only two of the packets were tested and confirmed to be cocaine. The supreme court explained that such an inference amounted to mere speculation and conjecture, and it concluded that a finding that the three untested packets contained cocaine needed to be based on direct evidence. *Jones*, 174 Ill. 2d at 429-30, 675 N.E.2d at 101. Persuaded by this reasoning, the *Jackson* court stated "[t]he inference that the unknown object contains narcotics because it came out of a bag containing packets of narcotics is clearly analogous to presuming, that because two of five packets in the possession of a defendant contain cocaine, the other three do as well." *Jackson*, 318 Ill. App. 3d at 325, 741 N.E.2d at 1029.

Notably, the court stated that even if an inference was permitted that the unknown object from the bag was contraband, the evidence was insufficient to establish the defendant's involvement as the contraband's vendor where the defendant's conviction was predicated on the observation of a single transaction. *Jackson*, 318 Ill. App. 3d at 325, 741 N.E.2d at 1029. According to the court, its concerns concerning the nature of the one incident would have been substantially dissipated if evidence had been introduced showing that "more than a single customer approached [the] defendant, gave him money and received an object from [the third person] after a nod by defendant in his direction." *Jackson*, 318 Ill. App. 3d at 325, 741 N.E.2d at 1029.

We disagree with any suggestion made by the *Jackson* court that the nature of an unknown object exchanged during suspected drug activity can never be reasonably inferred from the circumstances but, rather, must be established by direct proof. Rather, we believe

that the identity of such an object as contraband can be reasonably inferred when warranted upon an examination of the relevant circumstances as whole. The circumstances presented by the evidence here support a reasonable inference that the unknown objects passed by defendant to the two individuals were cocaine. Most notable is the fact that the objects exchanged were retrieved from the same part of defendant's clothing in which the packets of cocaine were recovered. We find a rational trier of fact could have drawn the reasonable inference that the objects retrieved and exchanged by defendant were cocaine packets. In addition, we note that, unlike the situation in *Jackson*, more than one person was observed approaching defendant, giving defendant money, receiving an object in return, and then immediately leaving defendant's immediate area. While a theoretical possibility exists that "there was something innocuous" in defendant's clothing that was handed to the two individuals, we do not believe that possibility precluded the trier of fact in this case from drawing an inference which is reasonably supported by the totality of the circumstances.

As defendant observes, the State's case relied heavily on the observation testimony of Officer Snarskis. Defendant maintains that Snarskis' testimony was contradicted by the evidence and, as such, was unreliable and insufficient to support his conviction. Defendant notes that while Snarskis testified he saw two suspected drug transactions, only a single $10 bill was recovered. Defendant argues that if two separate transactions had in fact occurred, then at least two separate bills should have been recovered. On this basis, defendant claims Snarskis' testimony is incredible.

Initially, it must be noted that the State was not required to introduce additional evidence to corroborate the purported transactions observed and testified to by Officer Snarskis because, as our supreme court has stated, a conviction can be based upon the testimony of a single credible witness. *People v. Anthony*, 28 Ill. 2d 65, 69, 190 N.E.2d 837, 839-40 (1963). In a bench trial, the trial judge has the responsibility to determine the credibility of the witnesses, to weigh the evidence and draw reasonable inferences therefrom, and to resolve any conflicts in the evidentiary record. *People v. Slim*, 127 Ill. 2d 302, 307, 537 N.E.2d 317, 319 (1989). Accordingly, such determinations are granted substantial deference on review (*People v. Boclair*, 129 Ill. 2d 458, 474, 544 N.E.2d 715, 722 (1989)), and we may not substitute our judgment for that of the trial judge on these matters. *People v. Banks*, 287 Ill. App. 3d 273, 285, 678 N.E.2d 348, 356 (1997).

While the recovery of a single $10 bill from defendant's possession raises some questions, this fact does not render Snarskis' testimony

improbable. As the State asserts, defendant could have been selling the cocaine packets for $5 and was required to make change for a $10 bill during the second transaction. While this scenario is not directly established by the evidence, it is a reasonable and plausible one under the facts.

The other cases cited and relied upon by defendant (see *People v. Nixon*, 278 Ill. App. 3d 453, 663 N.E.2d 66 (1996); *People v. Thomas*, 261 Ill. App. 3d 366, 633 N.E.2d 839 (1994); *People v. Hodge*, 250 Ill. App. 3d 736, 620 N.E.2d 651 (1993); *People v. Crenshaw*, 202 Ill. App. 3d 432, 559 N.E.2d 1051 (1990)) do not alter our analysis. Significantly, in none of the foregoing cases was the accused observed by officers, like here, engaging in conduct that was suggestive of a drug transaction. See *Nixon*, 278 Ill. App. 3d at 458, 663 N.E.2d at 69-70) (finding no inference of intent where evidence only revealed recovery of 6.6 grams of cocaine in a single plastic baggy *from the seat crease of a police vehicle in which the accused was transported*, and did not disclose the purity of the cocaine, possession of any weapons, scanners, beepers, phones, drug paraphernalia or large amounts of cash, and where the police did not act on any tips or observations of drug activity); *Thomas*, 261 Ill. App. 3d at 371, 633 N.E.2d at 842 (no inference of intent raised where the defendant was arrested *while sitting on his bed* filling 5.5 grams of cocaine into several individual packets and where the evidence did not disclose either the recovery of any large amounts of cash or drug paraphernalia and further failed to link the defendant to a shotgun found in his immediate vicinity); *Hodge*, 250 Ill. App. 3d at 747, 620 N.E.2d at 660 (no inference of intent found where *defendant was arrested in connection with a physical altercation and where a subsequent search of the defendant's residence* uncovered 4.07 grams of crack cocaine, not individually packaged, and a large amount of cash, but no drug paraphernalia); *Crenshaw*, 202 Ill. App. 3d at 436, 559 N.E.2d at 1053-54 (evidence inadequate to establish inference of intent where defendant was found with 11.2 grams divided into several individual packets *while driving in his vehicle*, but was not in possession of any other items relevant in determining intent). Indeed, in three of the foregoing cases, the courts specifically noted the absence of any observations of drug transactions involving the respective defendants or other activity suggestive of such conduct. See *Nixon*, 278 Ill. App. 3d at 458, 663 N.E.2d at 69; *Hodge*, 250 Ill. App. 3d at 747, 620 N.E.2d at 661; *Crenshaw*, 202 Ill. App. 3d at 436, 559 N.E.2d at 1054.[1]

While the evidentiary record is not overwhelming, we conclude

---

[1]Defendant also relies on *People v. Scott*, 256 Ill. App. 3d 844, 628 N.E.2d

that when the evidence is viewed as a whole and in a light most favorable to the State, it is sufficient to support the trial court's finding of defendant's intent to deliver beyond a reasonable doubt. Accordingly, we find the evidentiary record sufficient to support defendant's conviction.

For the foregoing reasons, defendant's conviction and sentence is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

HALL, P.J., and BURKE, J., concur.

---

456 (1993). That decision, however, is inapposite since the issue there was whether the evidence supported a jury instruction on the lesser included offense of possession and not whether the evidence produced by the State was sufficient to convict.