**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 180318-U

Order filed June 23, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0318 Circuit No. 15-CF-1192 |
| JAROB K. GRINNAGE, | ) ) ) | Honorable Carmen J. Goodman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAUGHERITY delivered the judgment of the court.
Justices Holdridge and Wright concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*:   Defendant's postconviction petition alleged the gist of a claim of ineffective assistance of appellate counsel for failing to challenge the sufficiency of the evidence on direct appeal.

¶ 2      Defendant, Jarob K. Grinnage, appeals from the first-stage dismissal of his postconviction petition. Defendant argues that he presented the gist of an ineffective assistance of counsel claim. We reverse and remand for further proceedings.

¶ 3                                      I. BACKGROUND

¶ 4 The State charged defendant with unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(c)(2) (West 2014)) and unlawful possession of a controlled substance (*id.* § 402(c)).

¶ 5 The trial evidence established that defendant travelled with Ryne Klinger and Sandra Grant from Peoria to Chicago in Klinger's vehicle. While returning from Chicago, they stopped at a gas station. Detective Nathan Prasun observed Klinger using heroin in the gas station bathroom and confronted him. Prasun then accompanied Klinger back to Klinger's vehicle where defendant was seated in the backseat. Grant was not in the vehicle at that time. Prasun testified he could see defendant moving around in the backseat. Defendant did not stop moving around until Prasun made multiple requests that he stop. Prasun saw defendant reach, with a shirt over his hands, toward the rear passenger floorboard.

¶ 6 Klinger admitted to using heroin and consented to a search of his vehicle. Prasun testified that Klinger told him there may be cocaine in the vehicle, but it belonged to defendant. Drug paraphernalia and a plastic bag containing a white chunky substance, later determined to be 12.71 grams of cocaine, were found in the vehicle. The bag containing cocaine was found under the front passenger seat. Both defendant and Klinger had sat in the backseat during the trip, and Grant had sat in the front passenger seat. Klinger admitted the drug paraphernalia was his but denied ownership of the cocaine. Klinger was given immunity for his testimony at trial. Defendant testified that the cocaine was not his and he was not aware there was cocaine in the vehicle.

¶ 7 An expert witness testified that 12.71 grams of cocaine was inconsistent with personal use, that Chicago is a source city for narcotics, and that drug dealers travel to Chicago to

2

purchase large amounts of drugs to transport to their city of origin. The State introduced defendant's prior conviction for unlawful delivery of a controlled substance into evidence.

¶ 8        The jury found defendant guilty of both charges. The charges merged and the court sentenced defendant to six years' imprisonment for unlawful possession of a controlled substance with intent to deliver.

¶ 9        On direct appeal, defendant argued that the circuit court erred in admitting evidence of his prior conviction for unlawful delivery of a controlled substance. We affirmed defendant's convictions and sentence. *People v. Grinnage*, 2018 IL App (3d) 150805-U.

¶ 10       Defendant filed, as a self-represented litigant, a postconviction petition alleging: (1) appellate counsel was ineffective for failing to argue on direct appeal insufficiency of the evidence; (2) trial counsel was ineffective for failing to call Grant as a witness; (3) trial counsel was ineffective for failing to argue the "disparity" between defendant and Klinger's cases; and (4) trial counsel was ineffective for failing to challenge the admissibility of his prior conviction. The circuit court dismissed the petition at the first stage. Defendant appeals.

¶ 11                              II. ANALYSIS

¶ 12       Defendant argues, *inter alia*, that the State failed to prove that he possessed cocaine with the intent to deliver it beyond a reasonable doubt and that appellate counsel was therefore ineffective for failing to challenge the sufficiency of the evidence on direct appeal.

¶ 13       The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a process for a criminal defendant to assert that his conviction resulted from a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the first stage, defendant need only state the "gist" of a constitutional claim. *Id.* The circuit court may summarily dismiss the petition at the first stage of

3

proceedings if it is frivolous or patently without merit, such that it "has no arguable basis either in law or in fact." *Id.* at 16. "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.*

¶ 14    Defendant's petition alleged ineffective assistance of appellate counsel for failing to argue on direct appeal that the State failed to prove him guilty beyond a reasonable doubt. Such a petition may not be dismissed at the first stage "if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Id.* at 17.

¶ 15    When assessing the sufficiency of the evidence, this court determines whether the evidence, when viewed in the light most favorable to the State, would permit any rational trier of fact to find that the State proved the elements of the offense beyond a reasonable doubt. *People v. Ross*, 229 Ill. 2d 255, 272 (2008). As relevant here, to sustain the charge of unlawful possession of a controlled substance with the intent to deliver, the State needed to prove beyond a reasonable doubt that defendant possessed a controlled substance and that he intended to deliver that controlled substance. 720 ILCS 570/401(c)(2) (West 2014). There is rarely direct evidence of intent, and it is usually proven through circumstantial evidence. *People v. Robinson*, 167 Ill. 2d 397, 408 (1995). Many factors have been considered by our courts as probative of intent to deliver, including: "(1) whether the quantity of the controlled substance possessed is too large to be viewed as being for personal consumption; (2) the high purity of the drug confiscated; (3) possession of weapons; (4) possession of large amounts of cash; (5) possession of police scanners, beepers or cellular telephones; (6) possession of drug paraphernalia; and (7) the manner in which the substance is packaged." *People v. Nixon*, 278 Ill. App. 3d 453, 457 (1996).

4

¶ 16　　　　Here, the evidence regarding defendant's intent to deliver was limited and mainly consisted of the defendant's prior conviction for unlawful delivery, and expert testimony that drug dealers travel to Chicago to buy drugs and 12.71 grams of cocaine was inconsistent with personal use. None of the other factors typically considered as probative of intent to deliver were present. See *id.* While the factors noted in *Nixon* are not exhaustive, the limited amount of evidence presented in this matter makes it at least arguable that there was insufficient evidence to support defendant's conviction for possession of a controlled substance with intent to deliver. Since it is arguable there was insufficient evidence, it is likewise arguable that defendant was prejudiced by the failure of appellate counsel to raise this argument on direct appeal and arguable that counsel's performance was deficient, because insufficient evidence would require reversal of defendant's convictions.

¶ 17　　　　While the evidence may ultimately be deemed sufficient to support defendant's convictions, the fact defendant raised an arguable claim in his postconviction petition precluded dismissal at the first stage. Thus, the matter must be remanded for second-stage proceedings. Further, because partial dismissals are not permitted, we advance the entire petition to the second stage, and therefore, we need not address the remaining allegations in the petition. See *People v. Rivera*, 198 Ill. 2d 364, 371 (2001).

¶ 18　　　　　　　　　　　　　　　　III. CONCLUSION

¶ 19　　　　The judgment of the circuit court of Will County is reversed and remanded for further proceedings.

¶ 20　　　　Reversed and remanded.