THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAMES REED, Defendant-Appellant.

Second District   No. 2—88—0933

Opinion filed May 11, 1990.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:
Following a bench trial in the circuit court of Du Page County, defendant, James Reed, was found guilty of armed robbery (Ill. Rev. Stat. 1987, ch. 38, par. 18—2(a)) and sentenced to an eight-year term of imprisonment.

The only issue raised on appeal is whether defendant properly presented a claim of ineffective assistance of trial counsel following denial of his post-trial motion.

The relevant facts, briefly stated, are as follows. The victim, Rene Sturgeon, identified defendant, from a photo array and a lineup, as well as at trial, as the man who robbed him at about 7:45

p.m. on November 6, 1987. According to Sturgeon, the lighting conditions at the time of the armed robbery were excellent, and he had no difficulty observing defendant's face.

Defendant's former girlfriend, Diane Avram, testified that she customarily met defendant between 7 and 7:30 p.m. in Chicago on Fridays although she could not specifically recall meeting defendant on the day of the crime, Friday, November 6, 1987.

Defendant's mother also testified for defendant. She stated that on the day of the offense she had spent the day with defendant helping him find a job. While she testified on direct examination that she dropped off defendant at a train station in Palatine at 6:28 p.m., she admitted on cross-examination that she did not actually see defendant get on the train.

On August 15, 1988, the trial court found defendant guilty of armed robbery. At a hearing on September 19, 1988, defendant's counsel presented a written post-trial motion, arguing that defendant was not proved guilty beyond a reasonable doubt and that certain errors were made by the court during trial. The trial court denied this motion, stressing the credibility of the victim and his positive identification of defendant.

During the sentencing hearing, which followed immediately after the hearing on defendant's post-trial motion, the following occurred:

"THE COURT: Okay.

Mr. Reed did you want to the make a statement to the Court before the Court imposes sentence? You have a right to if you so desire. You don't have to if you do not want to make a statement.

DEFENDANT REED: Is there a way I can talk to you alone?

THE COURT: No, anything you have to say to me hst [*sic*] to be said in open court.

DEFENDANT REED: Obviously the Court finds me guilty of this, I believe that this guy got stuck up, most of the stuff in my case here I'm not sure you are aware of it, but it wasn't brought up. You know, there is a few people that don't even know me that can verify that I was Cook County at the time. And this is my life here and regardless of what I am going to accept it both ways, because I am going to better myself regardless of what happens.

THE COURT: Okay, anything else you wanted to tell the Court, Mr. Reed?

DEFENDANT REED: No."

The trial court also considered defendant's presentence investigation report which indicates in the "summary and impressions" section that defendant "expressed his opinion that he was poorly represented at his trial and said he plans to file an Appeal." Defendant made no express motion to the trial court, written or oral, claiming ineffective assistance of counsel or requesting substitute counsel.

■ A *pro se* motion for a new trial alleging ineffective assistance of counsel does not *per se* require appointment of new counsel to assist in the motion irrespective of the basis of the motion and in the absence of a request for new counsel. (*People v. Washington* (1989), 184 Ill. App. 3d 703, 711, 540 N.E.2d 1014.) Rather, the trial court should examine the factual matters underlying the defendant's claim, and, if the claim lacks merit or pertains to matters of trial strategy, then no new counsel need be appointed. (*Washington*, 184 Ill. App. 3d at 711, 540 N.E.2d at 1019.) Only if the allegations show possible neglect of the case for which counsel could undertake an independent evaluation of defendant's complaint and present the matter to the court should new counsel be appointed. *Washington*, 184 Ill. App. 3d at 711, 540 N.E.2d at 1019.

■ Here, defendant essentially argues on appeal, relying on *People v. Krankel* (1984), 102 Ill. 2d 181, 464 N.E.2d 1045, and *People v. Jackson* (1985), 131 Ill. App. 3d 128, 474 N.E.2d 466, that the trial court erred in failing to examine the facts underlying his claim of ineffective assistance of counsel and in failing to make the initial determination as to whether the claim is meritorious thereby warranting appointment of counsel to assist him with a motion for a new trial. Defendant's argument assumes that allegations of ineffective assistance of counsel were properly presented to the trial court. Such is not the case, however, as defendant never referred to his trial counsel in his oral comments at his sentencing hearing and only vaguely commented on some possible alibi witnesses. Although there is a mention in his presentence report that he felt he was "poorly represented," there are no allegations supporting that opinion or supporting an ineffective assistance of counsel claim. Nor did defendant in any manner request counsel to assist him with a claim of ineffective counsel. Thus, the authority relied on by defendant is inapposite. While we do not suggest that a *pro se* claim of ineffective trial counsel need take a specific form, we cannot expect the trial court to divine such a claim where it is not even arguably raised. (See *People v. Lewis* (1988), 165 Ill. App. 3d 97, 109, 518

N.E.2d 741; see also *People v. Sperow* (1988), 170 Ill. App. 3d 800, 812-13, 525 N.E.2d 223.) Accordingly, remandment for a hearing on defendant's claim with new counsel is not warranted under these circumstances.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

UNVERZAGT, P.J., and INGLIS, J., concur.