SIXTH DIVISION 

February 28, 2003

No. 1-01-0554

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee, 

v.

KISSIMMIEE FOX,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

Preston L. Bowie,

Judge Presiding.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Defendant was indicted for possession of a controlled substance with intent to deliver less than 10 grams of a substance containing heroin within 1000 feet of a public park and for possession of a controlled substance with intent to deliver less than 10 grams of a substance containing heroin.  Following a bench trial, defendant Kissimmiee Fox was found guilty of possession of a controlled substance, the lesser included offense of count two and sentenced to an extended five-year prison term.  On appeal, defendant contends the State failed to prove him guilty beyond a reasonable doubt by presenting an insufficient chain of custody regarding the recovered narcotics.  Alternatively, defendant contends that the extended-term sentencing provision of the Unified Code of Corrections (Code) (730 ILCS 5/5-5-3.2(b)(1) (West 2000)) is unconstitutional under the holding of 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).  For the reasons stated below, we affirm.

BACKGROUND

At trial, the State presented the testimony of Officer Abraham Lara, who was conducting narcotics surveillance at 4720 West Erie Street in Chicago on February 17, 2000.  Using binoculars, Lara was able to observe defendant from a distance of 40 feet.  Lara testified that the area was well lit and nothing obstructed his view.  On three separate occasions, various people approached defendant and conducted a hand-to-hand exchange.  After observing the third transaction, Lara and his partner drove to an alley north of Erie Street, where Lara then walked towards defendant.  While Lara's partner drove southbound, defendant was alerted to the police presence by an unknown man.  Defendant initially ran north towards Lara, but then ran in the opposite direction when he saw Lara approaching.  When Lara was within 15 feet of defendant, defendant dropped an item, and Lara retrieved it.  The item was a plastic bag which held a smaller plastic bag.  Inside the smaller bag, Lara discovered 24 small tinfoil packets containing white powder, suspected of being heroin.  Subsequently, Lara inventoried the plastic bags and the 24 tinfoil packets under inventory number 2313831.

At trial, the parties stipulated that the police followed proper inventory procedure, that the recovered items were inventoried under number 2313831, and that a proper chain of custody was maintained until the items reached a qualified forensic chemist, Clifford McCurdy.

McCurdy testified at trial that he received the items inventoried under number 2313831 on March 1, 2000.  He described the items as two pieces of plastic and 24 foil packets containing powder.  McCurdy tested the powder from one of the foil packets and determined it was 0.1 grams of heroin.  In his initial report, McCurdy described the other 23 untested packets as three grams of plant material.  On July 31, 2000, several months before trial, after the Assistant State's Attorney notified McCurdy's supervisor of the mistake, McCurdy amended his report.  He noted that on the first report he incorrectly described the 23 untested packets as containing plant material instead of powder.  The description of the one packet which McCurdy tested was the
 
same in both the original report and the amended report.  McCurdy testified that his handwritten notes on a laboratory work sheet described the items under inventory number 2313831 as, "Two pieces of plastic which are considered exhibit one and 24 foil packets containing powder considered exhibit two."  McCurdy further explained that he used a laboratory work sheet to document the work he does on a case and as he is working on the case he handwrites notes on the laboratory worksheet. 

At the conclusion of trial, the court found defendant guilty of possession of a controlled substance, the lesser included offense of count two.  As to the discrepancy between the chemist's initial and amended reports, the trial judge found the mistake adequately explained by the chemist and further noted that "*** there is no dispute as to the one item that was tested which is sufficient to find the defendant guilty of possession of controlled substance."

At the sentencing hearing, defendant requested he be allowed to enter a drug rehabilitation program, but the State argued defendant's four prior felony convictions warranted an extended prison term.  The trial court agreed with the State and sentenced defendant to an extended five-year prison term.

CHAIN OF CUSTODY

On appeal, defendant contends the evidence was insufficient to prove him guilty beyond a reasonable doubt because the police officer recovered items containing powder but the forensic chemist's original report reflected that the recovered items contained a plant material.

When a defendant challenges the sufficiency of the evidence, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virgina
, 443 U.S. 307, 318-19, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2788-89 (1979); 
People v. Collins
, 106 Ill. 2d 237, 261 (1985).  The credibility of the witnesses, the weight to be given their testimony and the resolution of any conflicts in the evidence are within the province of the trier of fact (
People v. Slim
, 127 Ill. 2d 302, 307 (1989)), and a reviewing court will not substitute its judgment for that of the trier of fact.  
People v. Furby
, 138 Ill. 2d 434, 455 (1990). Where the record demonstrates that the trier of fact was made aware of the inconsistencies in the testimony of a witness, a reviewing court will not substitute its judgment for that of the trier of fact.  
People v. Wiesneske
, 234 Ill. App. 3d 29, 39 (1992).

Before real evidence may be admitted at trial, the State must provide an adequate foundation either by way of live testimony or stipulation which establishes that the item sought to be introduced into evidence is the actual item involved in the alleged offense and that its condition is substantially unchanged.  
People v. Cole
, 29 Ill. App. 3d 369, 375 (1975).  If an item is not readily identifiable or if it is susceptible to alteration by tampering or contamination, its chain of custody must be established by the State with sufficient completeness to render it improbable that the original item has either been exchanged, contaminated, or subjected to tampering.  
People v. Terry
, 211 Ill. App. 3d 968, 973 (1991).  

Unless the defendant produces actual evidence of tampering, substitution, or contamination, the State need only establish a probability that tampering, substitution, or contamination did not occur, and any deficiencies go to the weight rather than the admissibility of the evidence.  
People v. Hominick
, 177 Ill. App. 3d 18, 29 (1988).  In the instant case, defendant did not produce actual evidence of tampering, substitution, or contamination.  Therefore, it is the State's burden to prove the chain of custody with sufficient completeness to establish a probability
 
that reasonable measures were employed to protect the evidence from the time it was seized and that it was improbable the evidence was altered.  
People v. Bynum
, 257 Ill. App. 3d 502, 510 (1994).

The purpose of protective measures is to ensure that the substance recovered from the defendant was the same as the substance tested by the forensic chemist.  
People v. Ryan
, 129 Ill. App. 3d 915, 919 (1984).  Proof of delivery, presence, and safekeeping demonstrate that reasonable measures were taken to protect the evidence.  
People v. Gibson
, 287 Ill. App. 3d 878, 882 (1997).  The State is not required to exclude every possibility of tampering (
People v. Lach
, 302 Ill. App. 3d 587 (1998)), nor does it need to present everyone involved in the chain of custody (
People v. Kabala
, 225 Ill. App. 3d 301, 306 (1992)).

The State 
contends that the chain of custody was sufficiently established in this case because reasonable protective measures were taken after the evidence was seized and the testimony demonstrated that the evidence seized matched the evidence subjected to chemical analysis.  We are mindful that if one link in the chain is missing, but there is evidence describing the condition of the evidence when delivered which matches the description of the evidence when examined, the evidence can be sufficient to establish chain of custody.  
People v. Irpino
, 122 Ill. App. 3d 767, 775 (1984).

In this case, Officer Lara recovered 2 plastic bags and 24 tinfoil packets of powder when defendant dropped them.  At trial, the parties stipulated that the police followed proper inventory procedure, that the recovered items were inventoried under number 2313831, and that a proper chain of custody was maintained until the items reached a qualified forensic chemist, Clifford McCurdy.  McCurdy then testified he received the evidence under inventory number 2313831.  According to McCurdy's testimony, his amended report, and his recollection of his handwritten notes, the evidence he received matched Officer Lara's description as 2 plastic items and 24 foil packets containing powder.  However, defendant points out that in McCurdy's original report, he described the contents of the 23 untested packets as "plant material."  McCurdy later corrected this error, amended the report, changing "plant material" to "powder" and noted his mistake.  The original report submitted by McCurdy in March 2000 was corrected on July 31, 2000, which was several months before trial.

McCurdy explained the mistake.  He testified that he incorrectly indicated plant material regarding the untested packets, on the first report, but corrected the error and indicated powder on the amended report.  He additionally noted, however, that both reports accurately described the one packet which tested positive for heroin.  Both descriptions by Lara and McCurdy included inventory number 2313831 and both involved 26 items, including 2 pieces of plastic and 24 smaller tinfoil packets.  The record indicated consistency regarding the fact that Officer Lara had recovered 2 plastic bags containing 24 tinfoil packets, the forensic scientist, McCurdy, had received 2 plastic bags and 24 tinfoil packets, and this description was reflected on both lab reports and the forensic scientist's lab worksheet.  Office Lara testified that the packets he recovered contained a white powder, suspected heroin.  The original report stated that the substance tested was positive for heroin.  The forensic scientist's worksheet and amended report stated that the packets contained a white powder and that the one packet which was tested indicated a positive result for heroin.  

The record supports the trial court's finding that the difference in McCurdy's reports was a mistake.  There was no evidence of actual alteration or tampering, and the descriptions of the items and inventory numbers matched; therefore, the State met its burden of proving the chain of custody with sufficient completeness to establish a probability that the police took reasonable protective measures to ensure the evidence recovered was the same evidence tested.  Defendant's claimed deficiencies in the chain of custody affect only the weight of the evidence, which the trial court decided in favor of the State.  Specifically, the trial court concluded that McCurdy's explanation for the discrepancy between his reports was credible.  The court found that the chemist's mistake in describing the untested items as plant material, rather than powder, was adequately explained by the forensic chemist.  The court further noted that there was no dispute as to the one packet that was tested and the results of that test provided sufficient evidence to find defendant guilty of possession of controlled substance, which was the lesser included offense of count two.

On review, we are not in a position to substitute our judgment for the trial court's determination of McCurdy's credibility.  See 
People v. Zator
, 209 Ill. App. 3d 322, 328 (1991).  Moreover, the description of the one tested foil packet, which tested positive as heroin, was consistent in all accounts.  Regardless of the contents of the remaining 23 untested packets, the evidence from the tested packet which tested positive for heroin was sufficient to support finding defendant guilty beyond a reasonable doubt of possession of a controlled substance.

Defendant argues that the facts are similar to 
Gibson
, 287 Ill. App. 3d at 882, where the court found that two conflicting descriptions of the evidence indicated that the drug evidence used to convict the defendant had been altered.  However, the facts in 
Gibson
 are distinguishable from this case.  
Gibson
 involved nearly a five-fold increase in the amount of drugs from the time of seizure until the time of defendant's trial.  
Gibson
, 287 Ill. App. 3d at 882.  In the instant case, unlike 
Gibson
, there was no discrepancy between the description of the substance seized by the police and that of the substance tested by the crime lab.  The substance recovered and the substance tested was accurately and consistently described.  The discrepancy in the instant case related only to the 23 untested packets.  More importantly, in 
Gibson
, the State did not call any witnesses to explain the discrepancy.  
Gibson
, 287 Ill. App. 3d at 883.  In the instant case, the discrepancy related to the untested packets recovered, and that discrepancy or mistake was explained by the forensic chemist.

The State called the forensic chemist to explain that the discrepancy between his original and amended reports was due to his own mistake.  With the exception of McCurdy's first report describing the contents of the 23 untested packets as containing plant material, both he and Lara described the 26 recovered items as 2 pieces of plastic and 24 foil packets, containing powder.  The similarity in the witnesses' descriptions, together with the testimony of McCurdy, supports the trial court's conclusion that the description in McCurdy's original report, describing the contents of the untested packets as "plant material" rather than powder, was a mistake and does not constitute evidence of actual alteration or tampering.  Moreover, as previously noted, there was no mistake regarding the one packet which tested positive for heroin.  The description of the one tested packet was the same in both the original and the amended report submitted by McCurdy.  The forensic chemist, McCurdy, accurately described the evidence he received in his amended report, and that description matched the description of what Officer Lara recovered and inventoried.  Moreover, in the instant case, there was no discrepancy between the description of the substance seized by the police and that of the substance tested by the crime lab. 

Based on the record, we find the evidence was sufficient to sustain defendant's conviction because the State established a proper chain of custody for the controlled substance.  The State demonstrated that the police took reasonable protective measures to ensure that the substance recovered was the same or substantially the same as the substance tested by the forensic chemist. After viewing the evidence in a light most favorable to the prosecution, we find any rational trier of fact could have found the essential elements of the crime of possession of a controlled substance proved beyond a reasonable doubt. 

CONSTITUTIONALITY OF EXTENDED-TERM SENTENCE

Defendant argues that the Code's provision for extended-term sentencing is unconstitutional.  The determination of a statute is a question of law; accordingly, our review is 
de
 
novo
.  
People v. Fisher
, 184 Ill. 2d 441, 448 (1998).  Possession of a controlled substance is a Class 4 felony, which carries a potential sentence of one to three years.  720 ILCS 570/402(c) (West 2000); 730 ILCS 5/5-8-1(a)(7) (West 2000).  At the sentencing hearing the State argued for an extended sentence based on defendant's prior convictions.  Section 5-5-3.2(b)(1) authorizes the court to impose an extended-term sentence if it finds the defendant has a prior conviction for the same or greater class of felony within the past 10 years.  730 ILCS 5/5-5-3.2(b)(1) (West 2000).  A Class 4 felony exposes defendant to a possible sentence of one to three years; however, for a Class 4 felony, the extended-term provision of section 5-5-3.2(b)(1) exposes defendant to a possible extended term sentence up to six years.

On January 9, 2000, before sentencing defendant, the trial court was informed that defendant in 1991, after a plea of guilty to possession of a controlled substance, received 24 months probation for a Class 4 felony; in 1995, after a plea of guilty to possession with intent to deliver, he received 18 months intensive drug program probation with 6 months in Cook County Jail; in 1996, after a plea of guilty, he was sentenced to three years in the penitentiary for the manufacture and delivery of a controlled substance; and in 1997, after a plea of guilty, he received an extended-term sentence of six years in the penitentiary for a Class 4 felony, possession of controlled substance.  He was paroled on that case November 12, 1999.   In the instant case, the trial court sentenced defendant to an extended-term of five years in the penitentiary after finding him guilty of possession of a controlled substance, the lesser included offense of count two.  The offense in the instant case occurred February 17, 2000, which was three months after defendant was paroled.

Defendant argues the extended-term sentencing provision under section 5-5-3.2(b)(1) of the Code was unconstitutional under the holding of 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).  Defendant contends section 5-5-3.2(b)(1) of the Code violates the fourteenth amendment right to due process and the sixth amendment right to a trial by jury guaranteed by the United States Constitution because defendant's prior convictions which were used to extend his sentence were not charged by indictment, proved beyond a reasonable doubt or submitted to a jury.  U.S. Const., amends. VI, XIV.

The court addressed and rejected that same contention in 
People v. Childress
, 321 Ill. App. 3d 13, 27 (2001) (holding that section 5-5-3.2(b)(1) of the Code does not violate the United States Constitution).  As recognized by the court in 
Childress
, excluded from the 
Apprendi
 holding was enhanced sentencing based on prior convictions; therefore, section 5-5-3.2(b)(1) of the Code is not unconstitutional.  
Childress
, 321 Ill. App. 3d at 27.
  We note that 
Apprendi
 specifically excluded prior convictions in its holding as follows: "
Other than the fact of a prior conviction
, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  (Emphasis added.)  
Apprendi
, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.  
Childress
 held that section 5-5-3.2(b)(1) of the Code is not an unconstitutional statute under 
Apprendi
. 

However, 
Childress
 does not address the additional argument raised in the instant case by defendant that because 
Apprendi
 questions whether the 
Almendarez-Torres
 case was correctly decided
, we should conclude the reasoning of 
Apprendi
 applies to sentencing enhancement factors even where based on prior convictions.  
Almendarez-Torres v. United States
, 523 U.S. 224, 140 L. Ed. 2d 350, 118 S. Ct. 1219 (1998).  We find this argument frequently raised in cases where enhanced sentencing is based on prior convictions.  
People v. Landrum
, 323 Ill. App. 3d 664, 666-67 (2001); 
People v. Garry
, 323 Ill. App. 3d 292, 300-01 (2001), 
leave to appeal denied
, 196 Ill. 2d 552 (2001).
  For the reasons that follow, we reject that argument.

Defendant argues that because 
Apprendi
 questions whether 
Almendarez-Torres
 was correctly decided, we should find that 
Apprendi
 requires prior convictions to be charged, submitted to a jury, and proved beyond a reasonable doubt and hold that extended-term sentencing under section 5-5-3.2(b)(1) violates defendant's right to trial by jury and due process.  See 
Apprendi
, 530 U.S. at 489-90, 147 L. Ed. 2d at 454, 120 S. Ct. at 2362.  We note that 
Apprendi
 discussed its decision in 
Almendarez-Torres
 where it had previously found no violation of defendant's constitutional rights by a federal statute authorizing the trial judge to enhance defendant's sentence based on a prior conviction.  We are mindful that the defendant in
 
Almendarez-Torres
 admitted his recidivism and did not challenge the accuracy of the fact of his prior convictions at the time he pled guilty.  
Almendarez-Torres
, 523 U.S. at 247-48, 140 L. Ed. 2d at 371, 118 S. Ct. at 1233.

In its discussion of the 
Almendarez-Torres
 decision 
Apprendi
 addressed constitutional concerns as to due process and jury trial guarantees triggered by sentencing the defendant, Almendarez-Torres, to a term higher than that allowed by the offense charged.  
Apprendi
 found those constitutional concerns mitigated as follows: 

"Both the certainty that procedural safeguards attached to any 'fact'
 of prior conviction, and the reality that Almendarez-Torres did not challenge the accuracy of that '
fact'
 in his case, mitigated the due process and Sixth Amendment concerns otherwise implicated in allowing a judge to determine a 'fact' increasing punishment beyond the maximum of the statutory range."  
Apprendi
, 530 U.S. at 488, 147 L. Ed. 2d at 454, 120 S. Ct. at 2362.

As we previously recognized in 
People v. Lathon
, 317 Ill. App. 3d 573, 584-85 (2000),

defendant is accurate in stating that 
Apprendi
 indicated it is arguable that 
Almendarez-Torres
 was incorrectly decided.  However, the meaning of that statement 
is better understood when not taken out of context.  Regarding the correctness of the 
Almendarez-Torres
 decision, the Court in 
Apprendi
 stated, in context, the following: 

"Even though it is arguable that 
Almendarez-Torres
 was incorrectly decided, and that a logical application of our reasoning today should apply if the recidivist issue were contested, Apprendi does not contest the decision's validity and we need not revisit it for purposes of our decision today to treat the case as a narrow exception to the general rule we recalled at the outset.  Given its unique facts, it surely does not warrant rejection of the otherwise uniform course of decision during the entire history of our jurisprudence. 

In sum, our reexamination of our cases in this area, and of the history upon which they rely, confirms the opinion that we expressed in 
Jones
.  
Other than the fact of a prior conviction
, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.  
With that exception
, we endorse the statement of the rule set forth in the concurring opinions in that case: '[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed.  It is equally clear that such facts must be established by proof beyond a reasonable doubt.' " (Emphasis added.)  
Apprendi
, 530 U.S. at 489-90, 147 L. Ed. 2d at 454-55, 120 S. Ct. at 2362-63, quoting 
Jones v. United States
, 526 U.S. 227, 252-53, 143 L. Ed. 2d 311, 332, 119 S. Ct. 1215, 1228-29 (1999).

The Court recognized that in the context of the 
Apprendi
 case the recidivism issue was not
 
contested and the validity of the 
Almendarez-Torres
 decision was not contested.
  However, 
Apprendi
's discussion of 
Almendarez-Torres
 concludes with the Court, based on a reexamination of case law and history, specifically confirming its opinion previously expressed in 
Jones
 that prior convictions are an exception to the holding that any fact which increase the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.  
Apprendi
, 530 U.S. at 489-90, 147 L. Ed. 2d at 454-55, 120 S. Ct. at 2362-63; 
Lathon
, 317 Ill. App. 3d at 584-85.

Apprendi
 not only endorsed the recidivism exception, but recognized various reasons for the recidivism exception, including the fact that procedural safeguards enhance the validity of a prior conviction, recidivism is not an essential element of the underlying criminal offense, and recidivism does not relate to the commission of the underlying offense.  
Apprendi
, 530 U.S. at 494-96, 147 L. Ed. 2d at 457-58, 120 S. Ct. at 2365-66.  These reasons support application of the 
Apprendi
 recidivism exception 
to the instant case.  Defendant's enhanced sentence based on prior convictions was obtained through procedures satisfying the fair notice, reasonable doubt, jury trial and due process guarantees.  
Jones v. United States
, 526 U.S. 227, 249, 143 L. Ed. 2d 311, 329-30, 119 S. Ct. 1215, 1227 (1999) (a prior conviction unlike any other factor used to enhance a sentence must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees).  Defendant did not challenge the fact that procedural safeguards attached to his prior convictions.  Defendant did not challenge the accuracy of his prior convictions.  
We further note that each of defendant's prior convictions occurred as the result of defendant pleading guilty. 

The Code recognizes that a defendant's prior convictions can be an aggravating factor justifying imposition of an extended-term sentence as follows:

"(a) A judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Section 5-8-1 for the class of the most serious offense of which the offender was convicted unless the factors in aggravation set forth in paragraph (b) of Section 5-5-3.2 were found to be present.  Where the judge finds that such factors were present, he may sentence an offender to the following:

* * *

(6) for a Class 4 felony, a term shall be not less than

3 years and not more than 6 years."  730 ILCS 5/5-8-2(a)(6) (West 1998).

Applying section 5-5-3.2(b)(1), a defendant's prior convictions may justify imposition of an extended-term sentence:

"(b) The following factors may be considered by the court as reasons to impose an extended term sentence under Section 5-8-2
(footnote: 1) upon any offender:

(1) When a defendant is convicted of any felony,

after having been previously convicted in Illinois or any other jurisdiction of the same or similar class felony or greater class felony, when such conviction has occurred within 10 years after the previous conviction, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts[.]"  730

ILCS 5/5-5-3.2(b)(1) (West 1998).

Prior convictions, or recidivism, is a traditional, if not the most traditional, basis for increasing an offender's sentence.  
Almendarez-Torres
, 523 U.S. at 243, 140 L. Ed. 2d at 368, 118 S. Ct. at 1230.
  In the instant case, an extended-term sentence was imposed upon defendant as the result of his prior convictions.  We find the language of section 5-5-3.2(b)(1) expresses clear legislative intent to increase the punishment of certain defendants based on the objective, historical criteria of their prior criminal convictions.  Defendant's extended-term sentence was imposed consistent with this legislative intent.

Apprendi
 recognized that the certainty that procedural safeguards attached to the fact
 of a defendant's prior conviction and the reality that a defendant did not challenge the accuracy of that 
fact
 can mitigate constitutional concerns as to a defendant's due process and jury trial guarantees otherwise implicated in allowing a judge to determine a 
fact
 increasing punishment beyond the maximum statutory range.  
Apprendi
, 530 U.S. at 488, 147 L. Ed. 2d at 454, 120 S. Ct. at 2362.  Regarding those procedural safeguards, 
Apprendi
 noted that prior convictions are the result of proceedings in which defendant had the right to a jury trial and the State was required to prove defendant's guilt beyond a reasonable doubt.  
Apprendi
, 530 U.S. at 496, 147 L. Ed. 2d at 457-58, 120 S. Ct. at 2366.  In the instant case, defendant's challenge to the application of the 
Apprendi
 recidivism exception did not demonstrate that his prior convictions were obtained as the result of proceedings that failed to provide procedural safeguards.
  Defendant did not challenge the accuracy of his prior convictions.

Moreover, we find the additional reasons recognized in 
Apprendi
 for applying the recidivism exception support imposition of the extended-term sentence in the instant case.  The defendant's prior convictions are not an essential element of the underlying criminal offense and the prior convictions are not related to the commission of the underlying offense.  As recognized in 
Apprendi
, recidivism does not relate to the commission of the underlying offense with which defendant is charged and, therefore, should not be treated as an essential element of the offense.  
Apprendi
, 530 U.S. at 488, 147 L. Ed. 2d at 454, 120 S. Ct. at 2362.

A defendant's recidivism is a narrow exception to the general rule articulated in 
Apprendi
 that the United States Constitution requires "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be alleged in the charging document, submitted to a jury, and proved beyond a reasonable doubt."  
Lathon
, 317 Ill. App. 3d at 587, citing 
Apprendi
, 590 U.S. at 476, 147 L. Ed. 2d at 446, 120 S. Ct. at 2355.  The reasons recognized by 
Apprendi
 for applying the recidivism exception are present in this case and mitigate constitutional concerns as to defendant's due process and jury trial guarantees.  Defendant did not challenge the accuracy of his prior convictions or the procedural safeguards attached to his prior convictions.  Procedural safeguards enhanced the validity of the defendant's prior convictions.  Defendant's prior convictions were not an essential element of the underlying offense.  Defendant's prior convictions  were not related to the commission of the underlying offense.

We hold that the extended-term sentencing provision of section 5-5-3.2(b)(1), which provided for discretionary extended-term sentencing based on prior convictions, is constitutional and does not violate defendant's due process or jury trial guarantees.  730 ILCS 5/5-5-3.2(b)(1) (West 2000).  Defendant's sentence was increased based on prior convictions which were obtained as the result of proceedings that provided procedural safeguards, the prior convictions were not an essential element of the underlying offense, and the prior convictions were unrelated to the commission of the offense.  The record reflects no reason not to apply the 
Apprendi
 recidivism exception.

Accordingly, the judgment of the trial court is affirmed.

Affirmed. 

O'BRIEN, P.J., and GALLAGHER, J., concur.

FOOTNOTES
1: Effective February 23, 2001, section 5-8-2 of the Code was amended to require a trier of fact find the existence of a section 5-5-3.2(b) factor beyond a reasonable doubt before imposing an extended-term sentence.  Pub. Act 91-953, § 10, eff. February 23, 2001.  The pre-amended version of section 5-8-2 applies to the instant case.