FOURTH DIVISION

1-03-0472 JUNE 24, 2004

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

v. ) 

)

MICHAEL CLARK, ) Honorable

) Rickey Jones,

Defendant-Appellant. ) Judge Presiding.

JUSTICE HARTMAN delivered the opinion of the court:

Following a bench trial, defendant Michael Clark was convicted of possession of a controlled substance with intent to deliver and sentenced to a Class X term of six years in prison based on his criminal history.  Codefendant Leonard White was convicted of the same offense and was also sentenced to six years in prison.  On appeal, defendant contends that the State failed to prove beyond a reasonable doubt that he intended to deliver a controlled substance.
(footnote: 1)  

Chicago Police Officer Todd Olsen testified that about 4:40 a.m. on June 13, 2002, he and his partner were conducting narcotics surveillance in the area of 3649 West Douglas Boulevard, an area of significant narcotics dealing.  From a distance of 60 feet and with the aid of binoculars and street lamps in the area, Officer Olsen clearly observed defendant and codefendant talking to each other in a parkway area with benches.  On two occasions during a period of 20 minutes, Officer Olsen observed a man approach defendant, engage in a short conversation, and tender money to defendant.  On each occasion, codefendant then walked about 10 feet, removed a "little shiny, metallic" item from a crumpled piece of brown paper at the base of a large tree, returned and gave the item to the person who had given defendant the money.  Defendant stood in close proximity several feet away.  Defendant was the only person who accepted the money, and codefendant was the only person who handled the crumpled brown paper.  The alleged buyers were not apprehended.  Officer Olsen testified that he had been a police officer for seven years, had made previous narcotics arrests in the area, and, based on the observed exchanges, believed defendant and codefendant were selling narcotics.

Officer Olsen and his partner got into their unmarked squad car, drove up to the parkway, and detained defendant and codefendant.  Officer Olsen directed the backup officers to the base of the tree and shined his flashlight on the brown piece of paper.  He observed Officer Hernandez recover the brown piece of paper and indicate it contained four tinfoil packets of suspected heroin.  Officer Hernandez gave him the brown paper and the four packets, which Officer Olsen described as "four tinfoil packets of heroin and heat sealed in cellophane tape."  The four packets contained a white powder, suspect heroin.  Officer Olsen kept the items in his constant care and control until he inventoried them at the police station under number 2722066.  Thirty-five dollars in United States' currency was recovered from defendant.

The parties stipulated that Arthur Weathers, qualified to testify as an expert in the area of forensic chemistry, received the items inventoried under number 2722066 in a sealed condition and that the chain of custody remained intact at all times.  He performed tests commonly accepted in the scientific community for ascertaining the presence of a controlled substance and determined the contents to be positive for heroin in the amount of less than .1 gram. 

After the circuit court denied defense counsel's motion for a finding, defendant testified and denied that he had sold any drugs on the date in question.  Defendant testified on cross-examination that he had gone to the area to purchase some heroin and had just purchased heroin when the police arrived.  He said that when someone told him to "throw it down" because the police were coming, he put the four bags of heroin in a torn piece of a brown bag and put it under a piece of charcoal by a tree.  Defendant denied that he accepted money from two individuals.

In rebuttal, the State sought to introduce certified copies of defendant's prior convictions for attempted armed robbery (91 CR 14368), possession of a controlled substance (98 CR 4681), and possession of a controlled substance with intent to deliver (99 CR 0959).  The circuit court allowed only the 1999 conviction to be admitted.

The circuit court found that the evidence showed beyond a reasonable doubt that defendant was guilty of possession of a controlled substance with intent to deliver.

On review, a conviction will not be set aside on grounds of insufficient evidence unless the proof is so improbable or unsatisfactory that there remains a reasonable doubt as to defendant's guilt.  
People v. Perez
, 189 Ill. 2d 254, 725 N.E.2d 1258 (2000).  The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
People v. Pollock
, 202 Ill. 2d 189, 780 N.E.2d 669 (2002).  It is the sole province of the trier of fact to determine the credibility of witnesses and to resolve any conflicts in the evidence.  
People v. Moreno
, 334 Ill. App. 3d 329, 778 N.E.2d 180 (2002) (
Moreno
).

To sustain defendant's conviction, the State was required to show that defendant had knowledge of the presence of the controlled substance, that the controlled substance was within defendant's immediate control or possession, and that defendant had the intent to deliver the controlled substance.  
People v. Burks
, 343 Ill. App. 3d 765, 799 N.E.2d 745 (2003) (
Burks
). 

On appeal, defendant contends the State failed to prove the element of intent to deliver.  The mental state of intent to deliver a controlled substance is most often inferred from circumstantial evidence.  
People v. Bell
, 343 Ill. App. 3d 110, 796 N.E.2d 1114 (2003).  Whether an inference of intent is raised sufficiently is a determination that must be made on a case-by-case basis pursuant to a careful review of the circumstances surrounding defendant's arrest.  
People v. Little
, 322 Ill. App. 3d 607, 750 N.E.2d 745 (2001) (
Little
).  The amount of drugs recovered, even if insignificant, is not dispositive of the issue.  
Little
, 322 Ill. App. 3d at 615-16.

In this case, Officer Olsen testified he had a clear, constant view of defendant and codefendant during the surveillance.  Officer Olsen saw defendant and codefendant talking to each other in the parkway area.  Then on two occasions during a 20 minute period, a man approached, engaged in a short conversation with defendant and gave him money.  Each time, after defendant received the money, codefendant walked to a tree about 10 feet away, removed a small, metallic item from a crumpled piece of brown paper and gave the item to the man who had tendered the money.  The officers recovered the brown piece of paper, which contained four tinfoil packets, the contents of which tested positive for less than .1 gram of heroin. 

This evidence was sufficient, just as similar evidence has been held sufficient by this court, to prove defendant intended to deliver the controlled substance.
  See 
Bell
, 343 Ill. App. 3d at 119-21 (
finding the evidence sufficient where the defendant accepted money from several individuals and handed them small items); accord 
Burks
, 343 Ill. App. 3d at 770-73 (evidence sufficient where transferred objects were removed from same bag in which cocaine was found in individual packets, at least two transactions occurred, and money was exchanged immediately before transfer of the retrieved object); 
People v. Williams
, 331 Ill. App. 3d 662, 771 N.E.2d 1095 (2002) (sufficient evidence on which to infer intent to deliver where "the officer identified the bag as the one whose contents he sent to the chemist, who found the items in the bag contained cocaine"); 
Little
, 322 Ill. App. 3d at 617-20 (circumstances supported a "reasonable inference that the unknown objects passed by defendant to the two individuals were cocaine").  Although defendant testified that he did not accept any money from individuals or sell any drugs, the circuit court properly decided the issues of credibility and resolved the conflicting version of events in favor of the State.  
People v. Marcotte
, 337 Ill. App. 3d 798, 787 N.E.2d 369 (2003); see also 
Moreno
, 334 Ill. App. 3d at 343 (we need not accept the evidence that constitutes the defendant's innocent explanation); 
People v. Dean
, 207 Ill. App. 3d 640, 566 N.E.2d 340 (1990) (the trier of fact is not required to accept defendant's exculpatory testimony).

The case on which defendant primarily relies, 
People v. Cooper
, 337 Ill. App. 3d 106, 785 N.E.2d 86 (2003) (
Cooper
), where one division of this court refused to assume that the untested items allegedly sold to four unknown buyers were contraband and thus found insufficient proof of intent to deliver, is unpersuasive and has not been followed by other divisions of the First District.  The court in 
Bell
 specifically declined to follow 
Cooper
, finding the majority opinion to be unpersuasive and noting that the dissent in 
Cooper
 effectively distinguishes the cases on which the majority relied.  
Bell
, 343 Ill. App. 3d at 120.  Similarly, the court in 
Burks
 stated, "we do not believe that 
Cooper
 accurately reflects the law, and we decline to follow it."  
Burks
, 343 Ill. App. 3d at 771.  We find 
Bell
 and 
Burks
 to be well reasoned and persuasive.  Therefore, we reject defendant's argument that we should follow "the sound principles of law set forth in 
Cooper
.
"  

Furthermore, defendant's reliance on the absence of factors probative of intent to deliver, which were outlined in 
People v. Robinson
, 167 Ill. 2d 397, 657 N.E.2d 1020 (1995) (
Robinson
), such as possession of weapons, large amounts of cash, beepers or drug paraphernalia, is unpersuasive in this case.  Unlike in 
Robinson
, in the present case, the officer testified that he actually observed, on two occasions, defendant accept money and codefendant deliver a small metallic item from a brown, crumpled piece of paper in exchange.  Tinfoil packets containing heroin were recovered from the brown paper.  See 
Bell
, 343 Ill. App. 3d at 121 (distinguishing 
Robinson
).  It was reasonable for the circuit court to infer circumstantially that the objects delivered to the two individuals also contained heroin.  
Burks
, 343 Ill. App. 3d at 773.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

 Affirmed.

QUINN, P.J., and THEIS, J., concur.

FOOTNOTES
1:
Codefendant's conviction was affirmed on appeal.  See 
People v. White
, 1-03-1487 (2004) (unpublished order under Supreme Court Rule 23).